Case 2:22-cr-00204-JLS-DMG   Document 1   Filed 05/11/22   Page 1 of 4   Page ID #:1

FILED
CLERK, U.S. DISTRICT COURT
5/11/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: ___VAM___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2021 Grand Jury

| UNITED STATES OF AMERICA, | CR 2:22-cr-00204-JLS |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 922(g)(9): Prohibited Person in Possession of a Firearm and Ammunition; 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| BYRON JONES, | |
| Defendant. | |

The Grand Jury charges:

[18 U.S.C. § 922(g)(9)]

On or about December 9, 2020, in Santa Barbara County, within the Central District of California, defendant BYRON JONES knowingly possessed the following ammunition, in and affecting interstate and foreign commerce:

1.  approximately 19 rounds of Poongsan 5.56 x 45mm ammunition;

2.  one round of Tulammo 5.56 x 45mm ammunition;

3.  approximately 21 rounds of ATK 9mm ammunition, 11 rounds of which were loaded within a Polymer80 9mm pistol, with no discernable serial number (commonly referred to as a "ghost gun"); and

4.     approximately 14 rounds of ATK .40 caliber ammunition, loaded within a Sig Sauer P320-style, .40 caliber pistol, with no discernable serial number (commonly referred to as a "ghost gun").

Defendant JONES possessed such ammunition knowing that he had previously been convicted of a misdemeanor crime of domestic violence, namely, Inflicting Corporal Injury on a Spouse, in violation of California Penal Code Section 273.5(a), in the Superior Court of the State of California, County of Madera, Case Number MCR019627, on or about May 10, 2005.

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in this Indictment.

2. The defendant, if so convicted shall forfeit to the United States of America the following:

    (a) All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

    (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//
//
//
//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                                A TRUE BILL

                                                /S/
                                             Foreperson

TRACY L. WILKISON
United States Attorney

[signature]

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

DAVID T. RYAN
Assistant United States Attorney
Deputy Chief, General Crimes Section

DOMINIQUE CAAMANO
Assistant United States Attorney
General Crimes Section

4